**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
Adrian R. Bacon, Esq. (280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiffs, Kyle Miles and Jasmine Miles*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**KYLE MILES and JASMINE MILES, on behalf of themselves and all others similarly situated,**

Plaintiffs,

vs.

**BLUEGREEN VACATIONS UNLIMITED, INC.,**

Defendant.

**Case No.:**

**<u>CLASS ACTION</u>**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**

1. **FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTIVES ACT("FDUTPA"), FLA. STAT. §§ 501.201, ET.SEQ.**
2. **FLORIDA FALSE ADVERTISING LAW, FLA STAT. §§ 817.40, ET SEQ.**
3. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17500, *ET SEQ*,**
4. **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ*.**
5. **CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. C. § 1750 ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. KYLE MILES and JASMINE MILES ("Plaintiffs"), by Plaintiffs' attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, to challenge the illegal actions BLUEGREEN VACATIONS UNLIMITED, INC. ("Defendant") with regard to Defendant's misleading business practices, including the practice of making and advertising false promises and statements with regards to its timeshare contracts that it had no intention of honoring, that caused Plaintiff and other consumers damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to a Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs, residents of the State of California, seeks relief on behalf of a Nationwide class, which will result in at least one class member belonging to a different state than that of Defendant, a company whose principal place of business is in the State of Florida and is incorporated in the State of Massachusetts. In addition, the matter in controversy exceeds $5,000,000 exclusive of interest of costs. Therefore,

both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiffs are both individuals who reside in the State of California and are each a "person" and "consumer" as defined by Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.203; and are each a "person" as defined by Cal. Bus. & Prof. Code § 17201.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company whose State of Incorporation is in Massachusetts and whose principal place of business is in the State of Florida.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a worldwide company that promotes and sells timeshare contracts.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiffs are individuals residing within the State of California.

12. Plaintiffs are informed and believe, and thereon allege, that at all time relevant, Defendant conducted business in the State of Florida.

13. BlueGreen is a leader in the vacation ownership industry, and sells timeshare contracts to consumers.

14. In or around December 2014, Plaintiffs attended a timeshare presentation in Las Vegas, Nevada for BlueGreen Vacations Unlimited, Inc.

15. During this presentation, BlueGreen's agent Margaret Lieberman represented

to all the consumers in the audience that if they were not satisfied with the timeshare contracts BlueGreen was selling, BlueGreen would buy back the contracts.

16. The presentation included other high intensity sales tactics to induce Plaintiffs to enter into a timeshare contract, including claiming the presentation would only last two hours when it in fact lasted over five hours in length.

17. Plaintiffs were told by BlueGreen that the timeshare contract would only cost $15,000 over five years at 15.99% interest.

18. In reality, BlueGreen's timeshare contract was for $25,000 over ten years.

19. BlueGreen represented that the timeshare contract's maintenance fees would never increase.

20. In reality, BlueGreen's maintenance fees increase on an annual basis.

21. Following the presentation, Plaintiffs were taken into a back room in which another BlueGreen agent Stephen DOE read them the timeshare contract and had them say "I agree." This entire process was audio recorded.

22. The terms contained within the timeshare contract are completely different from the terms offered and promised during the timeshare presentation.

23. The timeshare contract contains a Florida Choice of Law provision.

24. Plaintiffs were also pressured by BlueGreen's agent to open two BlueGreen credit cards, a Quorum Card and a Barclays Card, with a combined $5,000 limit and to put the entire $5,000 down payment on the two cards.

25. Plaintiff alleges, on information and belief, that Defendant's representations and advertisements during its timeshare presentations, in particular with regards to the representation that the contract could be sold back, were propagated, controlled, and/or profited from by Defendant, and that Defendant was materially involved in their dissemination to the public.

26. Plaintiff alleges, on information and belief, that it is Defendant's common practice to make these false representations and advertisements to consumers

as part of BlueGreen's "hard sell" tactics to convince consumers to enter into timeshare contracts.

27. Plaintiff alleges, on information and belief, that Defendant's false advertising causes significant and continuing harm to consumers who are unable to sell back their timeshare contracts to BlueGreen despite Defendant's representations.

## CLASS ALLEGATIONS

28. Plaintiffs brings this action on behalf of themselves, and on behalf of all others similarly situated ("The Class").

29. Plaintiffs represent, and are members of the following Class, defined as follows:

> All persons in the United States that entered into a timeshare contract with BlueGreen after Defendant made representations as to the ability to sellback the timeshare contract to Defendant.

30. Plaintiffs additionally represent, and are members of the following Sub-Class, (the "Sub-Class") defined as:

> All persons in California that entered into a timeshare contract with BlueGreen after Defendant made representations as to the ability to sellback the timeshare contract to Defendant.

31. Plaintiffs do not know the exact number of persons in the Class and Sub-Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

32. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Class. The questions of law and fact common to the Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant's practices violate the Florida Deceptive and

Unfair Trade Practices Act, Fla. Stat. §§ 501.201 to 201.213 ("FDUPTA");

b. Whether Defendant's practices violate the Florida False Advertising Law, Fla. Stat. §§ 817.40 et. seq.;

c. Whether Plaintiff and the Class are entitled to restitution under the FDUPTA;

d. Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under the FDUPTA and Florida False Advertising Law, Fla. Stat. §§ 817.40 et. seq;

e. The proper formula(s) for calculating and/or restitution owed to Class members;

f. Whether members of the Class are entitled to statutory damages;

g. Whether members of the Class are entitled to declaratory relief; and,

h. Whether members of the Class are entitled to injunctive relief.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the members of The Sub-Class. The questions of law and fact common to the Sub-Class predominates over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant's practices are "unfair" as defined by California Business and Professions Code § 17200;

b. Whether Defendant's practices are "illegal" as defined by California Business and Professions Code § 17200;

c. Whether Defendant's practices are "fraudulent" as defined by California Business and Professions Code § 17200;

d. Whether such practices violate California Business and Professions Code § 17200;

e. Whether Defendant violated California Bus. & Prof. Code § 17500, et seq.

f. Whether Plaintiffs and the Sub-Class are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

g. Whether Plaintiff and Sub-Class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535, and,

h. The proper formula(s) for calculating and/or restitution owed to Sub-Class members.

i. Whether members of the Sub-Class are entitled to statutory damages;

j. Whether members of the Sub-Class are entitled to declaratory relief; and,

k. Whether members of the Sub-Class are entitled to injunctive relief.

35. Plaintiffs will fairly and adequately protect the interest of the Classes.

36. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

37. Plaintiffs' claims are typical of the claims of the Classes which all arise from the same operative facts involving Defendant's practices.

38. A class action is a superior method for the fair and efficient adjudication of this controversy.

39. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

40. The Classes members are unlikely to prosecute such claims on an individual basis since the individual damages are small. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Plaintiffs and the Classes seek injunctive relief against Defendant to prevent Defendant from inducing consumers to enter into timeshare contracts with terms it has no intention of honoring.

42. Defendant has acted on grounds generally applicable to the Classes thereby

making appropriate final declaratory relief with respect to the class as a whole.

43. Members of The Classes are likely to unaware of their rights.

44. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

45. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLORIDA FALSE ADVERTISING LAW

(Fla Stat. §§ 817.40 et seq.)

On Behalf of the Class

46. Plaintiffs incorporate by reference each allegation set forth above.

47. Pursuant to Florida Statutes § 817.40, et seq., it is unlawful to disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses.

48. Pursuant to Florida Statutes § 817.41(4), "[t]here shall be a rebuttable presumption that the person named in or obtaining the benefits of any misleading advertisement or any such sale is responsible for such misleading advertisement or unlawful sale."

49. Defendant misled consumers by making misrepresentations and untrue statements about the terms contained within its timeshare contracts and the ability for those contracts to be surrendered or bought back, when in fact, the written contracts contained no such terms and Defendant had no intention of honoring its promises. Defendant failed to disclose to consumers, at the time of the signing of the timeshare contracts, that the contracts were not able to be

surrendered or bought back. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class Members into paying more for something they reasonably believed they had already purchased.

50. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's representations regarding the timeshare contract, namely that the timeshare agreement was able to be surrendered or sold back. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members entered into the timeshare contracts. In turn, Plaintiff and other Class Members were provided with a contract that turned out to be significantly different and unavoidable such that they incurred long term costs, and therefore Plaintiff and other Class Members have suffered injury in fact.

51. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

SECOND CAUSE OF ACTION

**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

(Fla Stat. §§ 501.201 et seq.)

On Behalf of the Class

52. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 to 201.213 ("FDUPTA").

54. The express purpose of FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

55. Section 501.204(1), FDUTPA declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

56. The sale of the Products at issue in this cause was a "consumer transaction" within the scope of FDUTPA.

57. Plaintiffs are "consumers" as defined by § 501.203, of the FDUTPA.

58. Defendant's Products are goods within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of the FDUTPA.

59. Defendant's unfair and deceptive practices are likely to mislead – and have misled – reasonable consumers, such as Plaintiffs and members of the Class, and therefore, violate § 500.04, of the FDUTPA.

60. Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

61. Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and members of the Class have suffered injury in fact due to Defendant's unilateral decision to not buyback its timeshares. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

62. Moreover, Defendant's conduct as alleged herein solely benefits Defendant

while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Defendant's timeshare would be cancellable or sellable back to Defendant at any time. Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

63. The injury suffered by Plaintiffs and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely and universally represented that Defendant's timeshare contract was cancellable, these consumers suffered injury in fact due to Defendant's refusal to permit Plaintiff and Class members from cancelling their timeshare contracts. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class members to enter into long term binding timeshare contracts with no ability to be canceled. Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

64. Defendant failed to disclose to Plaintiffs or other consumers that it had no intention of not honoring the representations it made in regards to the cancellability of the timeshare contracts.

65. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to enter into the timeshare contract only to be surprised by Defendant's refusal to later permit cancellation or sellback.

66. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

67. Defendant used false advertising, marketing, and misrepresentations, and otherwise unlawfully induce Plaintiff and Class Members to enter into

timeshare contracts. Had Defendant not falsely advertised, marketed or misrepresented its timeshare contracts, Plaintiffs and Class Members would not have purchased the Class Products, or would have purchased an alternative and appropriate product that provided the flexibility they believed they were purchasing. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Class Members.

68. Plaintiffs and Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased and have continued to be charged for Defendant's falsely advertised Products.

69. Reasonable consumers must and do rely on Defendant to honestly represent the true nature of its products and services.

70. Defendant has deceived reasonable consumers, like Plaintiffs and the Class, into believing the timeshare contracts was able to be canceled, by failing to disclose it would not honor material terms made during its presentations, including that the timeshare contracts would be cancellable or able to be sold back.

71. The knowledge required to discern the true nature of the Products described herein are beyond that of the reasonable consumer.

72. Plaintiffs and the Class suffered damages and are entitled to injunctive relief. Thus, pursuant to sections 501.211(2) and 501.2105, Florida Statutes, Plaintiffs and the Class make claims for damages, attorney's fees and costs.

73. The damages suffered by the Plaintiffs and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant.

74. Pursuant to Section 501.211(1), Florida Statutes, Plaintiffs and the Class seek injunctive relief for, inter alia, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

THIRD CAUSE OF ACTION

**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT**

(Cal. Bus. & Prof. Code §§ 17500 et seq.)

On Behalf of the Sub-Class

75. Plaintiff incorporates by reference each allegation set forth above.

76. Pursuant to California Business and Professions Code section 17500, et seq., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

77. Defendant misled consumers by making misrepresentations and untrue statements about the terms contained within its timeshare contracts and the ability for those contracts to be surrendered or bought back, when in fact, the written contracts contained no such terms and Defendant had no intention of honoring its promises. Defendant failed to disclose to consumers, at the time of the signing of the timeshare contracts, that the contracts were not able to be surrendered or bought back. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Sub-Class Members into paying more for something they reasonably believed they had already purchased.

78. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Sub-Class Members have suffered injury in fact and have lost money or property. Plaintiffs reasonably relied upon Defendant's representations regarding the timeshare contract, namely that the timeshare agreement was able to be surrendered or sold back. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Sub-Class Members entered into the timeshare contracts. In turn, Plaintiff and other Sub-Class Members were provided with a contract that turned out to be significantly different and unavoidable such that they incurred long term costs, and therefore

Plaintiff and other Sub-Class Members have suffered injury in fact.

79. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Sub-Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiffs and all Sub-Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## FOURTH CAUSE OF ACTION

## **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

On Behalf of the Sub-Class

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### **UNFAIR**

82. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices

within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

83. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

84. Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Sub-Class. Plaintiffs and members of the Sub-Class have suffered injury in fact due to Defendant's unilateral decision to not buyback its timeshares. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

85. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Sub-Class that the Defendant's timeshare would be cancellable or sellable back to Defendant at any time. Thus, the injury suffered by Plaintiffs and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

86. The injury suffered by Plaintiffs and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely and universally represented that Defendant's timeshare contract was cancellable, these consumers suffered injury in fact due to Defendant's refusal to permit Plaintiff and Sub-Class members from cancelling their timeshare contracts. As such, Defendant took advantage of Defendant's position of

perceived power in order to deceive Plaintiffs and the Sub-Class members to enter into long term binding timeshare contracts with no ability to be canceled. Therefore, the injury suffered by Plaintiffs and members of the Sub-Class is not an injury which these consumers could reasonably have avoided.

87. Defendant failed to disclose to Plaintiffs or other consumers that it had no intention of not honoring the representations it made in regards to the cancellability of the timeshare contracts.

88. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

89. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

90. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

91. Here, not only were Plaintiffs and the Sub-Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to enter into the timeshare contract only to be surprised by Defendant's refusal to later permit cancellation or sellback.

92. Plaintiffs' reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

93. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

94. Defendant used false advertising, marketing, and misrepresentations, and otherwise unlawfully induce Plaintiff and Sub-Class Members to enter into timeshare contracts. Had Defendant not falsely advertised, marketed or misrepresented its timeshare contracts, Plaintiffs and Sub-Class Members would not have purchased the Class Products, or would have purchased an alternative and appropriate product that provided the flexibility they believed they were purchasing. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiffs and Sub-Class Members.

FIFTH CAUSE OF ACTION

**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

(Cal. Civ. C. § 1750 et. seq.)

Individually

95. Plaintiff incorporates by reference each allegation set forth above.

96. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code Sections1750 et seq. ("CLRA").

97. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family or household purposes. The self-declared purposes of the act are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

98. The Defendant named herein is a "person" as defined by Cal. Civ. C. § 1761(c) because it is a corporation and/or company as set forth above.

99. Plaintiffs are each a "consumer" within the meaning of Cal. Civ. C. § 1761(d) because he and she each are an individual who purchased the services at issue in this complaint for personal and/or household use.

100. The Timeshare Agreement is a "good" within the meaning of California Civil Code § 1761 (a) in that it was a tangible products leased by Plaintiffs for personal, family, and/or household use.

101. Plaintiffs' payments for the goods of the Timeshare Agreement is a "transaction" as defined by Civil Code § 1761 (e) because Defendant entered into an agreement to sell the product in exchange for Plaintiffs' monetary compensation.

102. Plaintiffs have standing to pursue this claim as both have suffered injury in fact and have lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiffs were induced to enter into a Timeshare Agreement with Defendant. Had Defendant not falsely marketed, advertised or represented the Timeshare Agreement, Plaintiffs would not have entered into the Timeshare Agreement, and would have found an agreement an accurate and acceptable terms.

103. Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised." Defendant falsely advertised and marketed the Timeshare Agreement as inclusive of all price and terms when in fact they sold, and intended to sell a Timeshare Agreement which had significantly different terms and prices.

104. Section 1770(a)(14) of the CLRA prohibits anyone from "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve…." Defendant's acts and practices constitute misrepresentations regarding the rights, remedies, or obligations of the Timeshare Agreement, namely, that the agreement would be able to be surrendered at any time and was a certain price.

105. Pursuant to section 1782 of the CRLA, Plaintiff notified Defendant in writing by U.S. mail on June 10, 2016 of the particular violations of sections of the CLRA and demanded that Defendant rectify the problems associated with the behavior detailed above, which acts and practices are in violation of Civil Code section 1770.

106. Defendant has failed to adequately respond to Plaintiff's above-described demands pursuant to Civil Code section 1782.

107. Plaintiffs have filed concurrently herewith the declaration of venue required by Civil Code section 1780(d).

108. Plaintiffs seek an order enjoining the act and practices described above,

restitution of property, and any other relief that the court deems proper. Plaintiffs additionally seek damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and The Classes Members pray for judgment as follows:

- Certifying the Classes as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, and The Classes Members pray for further judgment as follows:

- restitution of the funds improperly obtained by Defendant;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- for equitable and injunctive and pursuant to the Florida Deceptive and Unfair Trade Practices Act, and California Business and Professions Code § 17203; and,
- any and all other relief that this Court deems just and proper.

Dated**:** June 28, 2016

**Law Offices of Todd M. Friedman**

By:_/s/ Todd M. Friedman
**Todd M. Friedman, Esq.**
Attorneys for Plaintiffs

//
//
//
//
//
//

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated: June 28, 2016

**Law Offices of Todd M. Friedman**

By: /s/ Todd M. Friedman
**Todd M. Friedman, Esq.**
Attorneys for Plaintiffs